UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**Anthony Green**

      Plaintiff,

      Civil Action No.: _4:25cv 158_

v.

**Tri-Cities Beverage Corporation.,**

      Defendant.

## COMPLAINT

Plaintiff Anthony Green brings this action against Defendant Tri-Cities Beverage Corporation for violations of workplace safety and health laws, Age discrimination, and retaliation. Specifically, Plaintiff alleges that Defendant unlawfully terminated his employment after he made multiple reports of smoking violations in the workplace, and that such termination constitutes unlawful retaliation in addition to the other claims set forth herein. against his employer Tri-Cities Beverage Corporation, and in support thereof alleges as follows:

## OVERVIEW OF CLAIMS

This action arises from Defendant's unlawful conduct toward Plaintiff, Anthony Green. Plaintiff repeatedly reported workplace smoking violations in good faith, seeking to protect the health and safety of employees. In response to these protected reports, Defendant retaliated against Plaintiff by subjecting him to adverse treatment and ultimately terminating his employment. Plaintiff asserts claims for retaliation, discrimination, and violations of workplace safety and health laws. As a result of Defendant's actions, Plaintiff has suffered lost wages, emotional distress, and other damages for which he seeks relief.

1

## PARTIES

1. Plaintiff Anthony Green ("Mr. Green") is a 65-year-old African American male and a resident of Newport News, Virginia.

2. Defendant Tri-Cities Beverage Corporation. ("Defendant") is a corporation doing business in Newport News, Virginia, and is an employer within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and other applicable federal statutes."

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including the ADEA and federal whistleblower protections.

4. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant conducts business in Newport News, Virginia, and the events giving rise to this complaint occurred there.

## FACTUAL ALLEGATIONS

5. Mr. Green is a 66-year-old African American male and was employed by Defendant for over 15 years, serving faithfully and without performance issues.

6. Mr. Green was employed as a forklift operator where his duties included stocking the warehouse.

7. In January 2015, Defendant implemented a policy prohibiting smoking in the warehouse.

8. This policy has been in place for over ten years.

9. In 2024 and 2025 employees began to smoke in the warehouse in violation of the policy

2

10. Mr. Green noted that they were younger individuals so attempted to address the issue with them directly to make easy resolution

11. Despite multiple attempts to tell them of the violation, the individual continued to smoke in the warehouse.

12. Despite this policy, employees continued to smoke in close proximity to Mr. Green, subjecting him to constant inhalation of cigarette smoke.

13. Mr. Green, who is not a smoker, repeatedly complained to his manager, the Vice President, and Human Resources about the ongoing violations.

14. One particular employee smoked constantly near Mr. Green, despite knowing his complaints.

15. In June 2025, Mr. Green again reported this employee's conduct. Shortly thereafter, the employee deliberately came into close proximity to Mr. Green's forklift and falsely alleged that Mr. Green struck him.

16. Review of camera footage demonstrated that this allegation was false.

17. On a second occasion, the same employee again came near Mr. Green's forklift. Shortly thereafter, Mr. Green was called into the office and terminated based on the false allegation.

18. Mr. Green is certain he made no contact with the employee, and no evidence supports the allegation.

19. Mr. Green was the oldest employee in the warehouse and often felt less valued than younger employees, who were able to load and stack heavier packages.

20. Younger employees were rarely reprimanded for misconduct, while Mr. Green was singled out.

3

21. Mr. Green believes his termination was motivated by his age and his repeated complaints about smoking violations.

22. The smoking violations constituted OSHA safety violations. Mr. Green's complaints, if investigated, would have triggered OSHA review.

23. Mr. Green was terminated shortly after raising these concerns, in retaliation for his protected activity.

24. Mr. Green filed a complaint with the EEOC, has received a right to sue letter on August 28, 2025 and is filing this suit within 90 days of that letter. **(Exhibit A)**

## CLAIMS FOR RELIEF

### Count I – Age Discrimination (ADEA)

19. Plaintiff reallages and incorporates paragraphs 1-19

20. Defendant discriminated against Mr. Green on the basis of age by subjecting him to disparate treatment, disregarding his long tenure and performance, and terminating him while younger employees were not disciplined for misconduct.

21. Mr. Green was terminated for workplace misconduct that was unfounded. Whereas his younger co-workers participated and in workplace violations without any disciplinary actions. Instead, the employer protected the younger co-worker and got rid of Mr. Green

22. Defendant subjected Plaintiff to adverse employment actions, including termination, on the basis of unlawful discrimination.

23. plaintiff was treated less favorably than similarly situated employees ("comparators") who engaged in comparable or more serious conduct. Specifically:

4

a) Other employees who violated workplace policies were not disciplined or terminated, but instead were permitted to continue their employment without consequence.

b) Employees outside of Plaintiff's protected class were afforded leniency, warnings, or corrective opportunities, whereas Plaintiff was summarily terminated.

c) Defendant applied its policies inconsistently, excusing or overlooking violations by comparators while using alleged infractions by Plaintiff as a pretext for termination.

d) The disparate treatment of Plaintiff compared to these comparators demonstrates that Defendant's stated reasons for termination were not legitimate, but rather a pretext for discrimination.

24. Defendant's actions violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

**Count II – Retaliation/Whistleblower Protection**

25. Plaintiff reallages and incorporates paragraphs 19-24

26. Mr. Green engaged in protected activity by reporting workplace safety violations related to smoking in the warehouse.

27. Defendant retaliated against Mr. Green by terminating him shortly after his complaints.

28. Defendant's actions violated federal whistleblower protections, including 29 U.S.C. § 660(c) (OSHA retaliation provisions).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff back pay, front pay, and compensatory damages;

C. Award liquidated damages under the ADEA;

D. Award punitive damages for Defendant's willful conduct;

E. Order reinstatement or, in the alternative, equitable relief;

F. Award Grant such other relief as the Court deems just and proper.

Submitted By:

Anthony Green
Pro se

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
____Newport News____**DIVISION**

ANTHONY J. GREEN
_____Plaintiff(s),_____

v.

Civil Action Number: ___4:25 cv 158___

Tri-Cities Beverage Corp.
_____Defendant(s),_____

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of ___Complaint___.
(Title of Document)

ANTHONY J. GREEN
Name of *Pro Se* Party (Print or Type)

Anthony J. Green
Signature of *Pro Se* Party

Executed on: 11-25-25 ___(Date)

**OR**

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)